IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

QUANTEZ DLANE HARRIS                                                                               PLAINTIFF

v.                                                  Civil No. 2:22-cv-02037

SHERIFF HOBE RUNION,
Sebastian County, Arkansas;
CAPTAIN DUMAS;
and JOHN DOE GUARDS                                                                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Quantez Dlane Harris, proceeds in this matter *pro se*. (ECF No. 1, 2, 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff filed the Complaint in this matter on February 25, 2022. (ECF No. 1). Plaintiff's Application to Proceed *In Forma Pauperis* (IFP) was granted on that same date. (ECF No. 3). In the Court's Order granting IFP, it states: "Plaintiff is advised that he is required to immediately inform the Court of any change of address." (ECF No. 3). The Order further states: "The case will be subject to dismissal if Plaintiff fails to inform the Court of an address change." *Id*.

On March 16, 2022, mail addressed to the Plaintiff was returned to the Clerk marked "Return to Sender No Longer Here." (ECF No. 8). The Clerk's docket entry stated a deadline of April 15, 2022 for a new address. *Id*.

1

On April 13, 2022, mail addressed to the Plaintiff was again returned to the Clerk marked "Return to Sender No Longer Here." (ECF No. 11). No new address is available for the Plaintiff.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to inform the Court of his current address. He has failed to obey an Order of the Court and has failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint in this case be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

  IT IS SO ORDERED this 20th day of April 2022.

                /s/ *Mark E. Ford*
                HON. MARK E. FORD
                UNITED STATES MAGISTRATE JUDGE